UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL SPECIALTY INSURANCE COMPANY, ET AL.** | **CIVIL ACTION** |
| | **No. 09-2556** |
| **VERSUS** | |
| | **SECTION I/3** |
| **LEWIS CHARLES KNOTEN, ET AL.** | |

## ORDER AND REASONS

Before the Court is a motion for preliminary injunction filed by plaintiff, National Specialty Insurance Company ("NSIC").[1] Defendants, Lewis Charles Knoten and Bertell Thomas, oppose the motion. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

### *BACKGROUND*

On December 25, 2008, a multi-vehicle accident occurred in LaPlace, Louisiana, involving an eighteen-wheel truck operated by Western Star Transport, L.L.C. ("Western Star").[2] This accident caused a number of bodily injuries and deaths, including the alleged injuries of movants and their decedents.[3] At the time of the accident, Western Star had a commercial automobile liability insurance policy issued by NSIC with a total limit of $1,000,000.00.[4]

On February 6, 2009, NSIC filed a complaint for interpleader.[5] NSIC now seeks an injunction requiring defendants to interplead their claims and enjoining other state and federal court proceedings against NSIC, the interpleaded fund, and NSIC's insureds.[6]

---

[1] R. Doc. No. 17.
[2] R. Doc. No. 1, para. 3.
[3] R. Doc. No. 1, para. 3.
[4] R. Doc. No. 1, para. 4.
[5] R. Doc. No. 1.
[6] R. Doc. No. 23-3, p. 11.

1

*DISCUSSION*

This Court's interpleader jurisdiction is designed to address the difficulties and unfairness inherent in the potential race to judgment created when multiple claimants seek judgment against a limited fund. See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 533 (1967). Although interpleader may entitle a party to certain limited relief, it does not entitle a party to an order "both enjoining prosecution of suits against [the stake] outside the confines of the interpleader proceeding and also extending such protection to its insured, the alleged tortfeasor." Id. Interpleader shall not be employed "to accomplish purposes that exceed the needs of orderly contest with respect to the fund." Id. at 534; see also Metropolitan Property and Cas. Ins. Co. v. Veligrov, 2006 WL 564016 at * 3 (W.D.La. 2006).

Tashire involved a materially similar factual scenario. In Tashire, as in this case, a multi-vehicle car accident led to litigation against multiple parties. The insurer filed an interpleader action and sought an injunction both protecting the interpleaded funds and enjoining any litigation outside the interpleader action. The United States Supreme Court reversed the district court's injunction finding that it was too broad to effectuate the purposes of interpleader.

Similarly, the injunction sought by NSIC in this matter is overly broad. "[T]he fulcrum of the interpleader procedure, 'receives full vindication when the court restrains claimants from seeking to enforce against the insurance company any judgment obtained against its insured, except in the interpleader proceeding itself.'" Travelers Indemnity Co. v. Greyhound Lines, Inc., 377 F.2d 325, 327 (5th Cir. 1967) (per curiam) (quoting Tashire, 386 U.S. at 535). As noted in Tashire, the "circumstance that one of the prospective defendants happens to have an insurance policy is a fortuitous event which should not of itself shape the nature of the ensuing litigation." Tashire, 386 U.S. at 327.

Plaintiff argues that Aetna Casualty and Surety Co. v. Ahrens, 414 F.Supp. 1235 (S.D.Tex. 1975) stands for the principle that a broader injunction is permitted by Tashire. However, the plaintiff in Ahrens based their argument on the fact that the fund was the sole target of the claimants. See Ahrens, 414 F.Supp. at 1254. That factor is not present in the instant litigation because claimants are also pursuing claims against the insureds. Additionally, a more recent case within Louisiana found that Tashire precludes a court from issuing an injunction preventing claimants from establishing their claims against the insured in a forum of their choosing. See Veligrov, 2006 WL 564016 at *3.

NSIC's interest in this litigation can be met with an injunction barring the execution of judgments arising out of or related to the accident that seek recovery of damages from the interpleaded funds. This relief protects NSIC and claimants by avoiding a race to judgment among the claimants to the policy while also allowing claimants to pursue their chosen defendants in their chosen forums.

Accordingly,

**IT IS ORDERED** that NSIC's motion for a preliminary injunction is **GRANTED IN PART** and **DENIED IN PART**. Claimants are restrained from seeking to enforce against NSIC any judgment obtained against NSIC or its insured concerning the actions of its insured except through petition in this Court in this proceeding. The parties may, however, continue to litigate the issue of liability in their present forums.

New Orleans, Louisiana, March 23, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**