UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NATIONAL SPECIALTY INSURANCE COMPANY, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 09-2556** |
| **LEWIS CHARLES KNOTEN, ET AL.** | **SECTION I/3** |

## ORDER AND REASONS

Before the Court are motions to dismiss filed by defendants, Bertell Thomas,[1] Carlos Hite,[2] Candace Walker,[3] and Alvin Welch[4] ("Movants"). Plaintiff, National Specialty Insurance Company ("NSIC"), opposes the motions.[5] For the following reasons, the motions are **DENIED**.

### *BACKGROUND*

On December 25, 2008, a multi-vehicle accident occurred in LaPlace, Louisiana, involving an eighteen-wheel truck operated by Western Star Transport, L.L.C. ("Western Star").[6] This accident caused a number of bodily injuries and deaths, including the alleged injuries of movants and their decedents.[7] At the time of the accident, Western Star had a commercial automobile liability insurance policy issued by NSIC with a total limit of $1,000,000.00.[8]

---

[1] R. Doc. No. 26. The motion to dismiss filed by Thomas also argues that this matter should be dismissed because plaintiff named the estates of certain decedents rather than their beneficiaries. This portion of Thomas's motion is made moot by plaintiff's second amended complaint. See R. Doc. No. 46.
[2] R. Doc. No. 29. In plaintiff's original complaint, this party was made a defendant as "the Estate of DiAvion Hite." Plaintiff's second amended complaint identified the actual party, Carlos Hite. R. Doc. No. 46, para. 4d.
[3] R. Doc. No. 31.
[4] R. Doc. No. 35.
[5] R. Doc. No. 34.
[6] R. Doc. No. 1, para. 3.
[7] R. Doc. No. 1, para. 3.
[8] R. Doc. No. 1, para. 4.

1

On February 6, 2009, NSIC filed a complaint for interpleader.[9] NSIC also sought an injunction requiring defendants to interplead their claims and an order enjoining other related state and federal court proceedings.[10] Movants filed their motions to seek dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

*STANDARD OF LAW*

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. Id. The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id.

When a defendant makes a "facial attack"[11] on the complaint, the Court must examine whether plaintiff has sufficiently alleged a basis for subject matter jurisdiction, taking all of plaintiff's allegations in the complaint as true. Fox v. Reed, 200 WL 288379 at *2 (E.D.La. 2000) (Vance, J.) (citing Menchaca v. Chrysler Credit Corp., 613 F.2d 507, 510 (5th Cir. 1980)). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." Ramming, 281 F.3d at 161.

---

[9] R. Doc. No. 1.
[10] R. Doc. No. 1, para. 10.
[11] "Attacks on subject matter jurisdiction can either be 'facial' or 'factual.' Factual attacks . . . challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits. Since such a motion implicates the fundamental question of a trial court's jurisdiction, a trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case without presuming the truthfulness of the plaintiff's allegations." Makro Capital of America, Inc. v. UBS AG, 543 F.3d 1254, 1258 (11th Cir. 2008) (internal quotations and citations omitted).

## DISCUSSION

NSIC asserts that jurisdiction exists under both statutory interpleader pursuant to 28 U.S.C. § 1335[12] and Rule 22 interpleader[13] pursuant to this Court's diversity jurisdiction[14] under 28 U.S.C. § 1332.[15] Because of this Court's opinion with respect to jurisdiction under Rule 22, the Court does not reach the parties' arguments with respect to statutory interpleader.

"Section 1332 jurisdiction under Rule 22 (rule interpleader) requires: (1) complete diversity of citizenship, which is met when the stakeholder is diverse from all the claimants, even if citizenship of the claimants is not diverse; and (2) an amount-in-controversy that exceeds $75,000 exclusive of interest and costs." Hussain v. Boston Old Colony Insurance Company, 311 F.3d 623, 635 n. 46 (5th Cir. 2002) (parenthetical in original).

NSIC is a citizen of Texas.[16] Defendants are citizens of Louisiana, Delaware, and Tennessee.[17] Because the stakeholder, NSIC, is diverse from all of the defendants, complete diversity of citizenship exists. The value of the insurance policy is $1,000,000. If the principal

---

[12] 28 U.S.C. § 1335 provides in relevant part:
    (a)The district courts shall have original jurisdiction of any civil action of interpleader or in the nature of interpleader filed by any [entity] having in his or its custody or possession money or property of the value of $500 or more, or providing for the delivery or payment or the loan of money or property of such amount or value, or being under any obligation written or unwritten to the amount of $500 or more, if
        (1) Two or more adverse claimants, of diverse citizenship as defined in subsection (a) or (d) of [28 U.S.C. § 1332], are claiming or may claim to be entitled to such money or property . . .; and if
        (2) the plaintiff has deposited such money or property . . . into the registry of the court, there to abide the judgment of the court . . .
    (b) Such action may be entertained although the titles or claims of the conflicting claimants do not have a common origin, or are not identical, but are adverse to and independent of one another.

[13] Rule 22 of the Federal Rules of Civil Procedure states, "Persons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead. Joinder for interpleader is proper even though: (a) the claims of the several claimants, or the titles on which their claims depend, lack a common origin or are adverse and independent rather than identical; or (b) the plaintiff denies liability in whole or in part to any or all of the claimants."

[14] 28 U.S.C. § 1332 grants the federal district courts original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different states."

[15] R. Doc. No. 1, para. 9.

[16] R. Doc. No. 1, para. 1. No party has contested the citizenship of NSIC.

[17] R. Doc. No. 46, para 2. Although defendant, River Parishes Hospital, denies that its principal place of business is in Tennessee, it admits that it is organized under the laws of Delaware. R. Doc. No. 15, para. 2. At no point, however, has River Parishes, or any other party, asserted that it should be considered a citizen of Texas. Accordingly, this denial does not impact the Court's diversity analysis.

amount at stake in the insurance fund exceeds $75,000, exclusive of interest and costs, the amount-in-controversy requirement is met. See Hussain, 311 F.3d at 635 n. 46. Accordingly, subject matter jurisdiction under 28 U.S.C. § 1332 is present.

In addition to satisfying the requirements for subject matter jurisdiction, plaintiff must also satisfy Rule 22's requirement that plaintiff "is or may be exposed to double or multiple liability." To satisfy this requirement, plaintiff must show that plaintiff has been or may be subjected to adverse claims to a particular fund. Gen. Elec. Credit Corp. v. Grubbs, 447 F.2d 286, 288 (5th Cir. 1971), rev'd on other grounds, 405 U.S. 699, 705-06 (1972). Movant, Carlos Hite, argues that plaintiff's invocation of Rule 22 interpleader is not appropriate because the claimants to the fund are not adverse.[18]

NSIC's complaint states that "should the Insureds be held liable for damages arising from or related to the accident (which is denied), the total of such liability will likely exceed [the value of the policy]."[19] A stakeholder may employ interpleader when its liability is strictly limited and the combined claims are in excess of such limited liability. Hussain, 311 F.3d at 632. Because movants' potential claims exceed the value of the fund, movants are adverse to each other for the purpose of interpleader. See Grubbs, 447 F.2d at 289; Pan Am. Fire & Cas. Co. v. Revere, 188 F.Supp. 474, 480-81 (E.D.La. 1960) (adversity requirement satisfied if claims against stake amount to more than stakeholder's maximum liability).

Finally, movant, Candace Walker, argues that even if the Court has subject matter jurisdiction, the Court should decline to exercise that jurisdiction.[20] "Federal District Courts do not have the right to decline to exercise [their interpleader] jurisdiction in litigation involving no important question of the public policy of the state. Boston Old Colony Ins. Co. v. Balbin, 591

---

[18] R. Doc. No. 29-2, p. 8.
[19] R. Doc. No. 1, para. 5.
[20] R. Doc. No. 31-2, p. 6.

4

F.2d 1040, 1044 (5th Cir. 1979). Neither Walker nor any other party has suggested that an important question of public policy is present in this case. In fact, in both cases cited by Walker in support of her argument, the district courts exercised jurisdiction over the interpleader actions. See Travelers Indemnity Co. v. Greyhound Lines, Inc., 260 F.Supp. 530, 535 (W.D.La. 1966); Pacific Indemnity Co. v. Marceaux, 263 F.Supp. 892, 895 (W.D.La. 1966).

For the reasons stated above,

**IT IS ORDERED** that the motions to dismiss filed by movants are **DENIED**.

**IT IS FURTHER ORDERED** that the motion to continue filed by Carlos Hite[21] is **DISMISSED AS MOOT**.

New Orleans, Louisiana, March 24, 2010.

_____
**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[21] R. Doc. No. 30.